UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ROBERT J. PALERMO,

                Defendant.

DECISION & ORDER and
REPORT & RECOMMENDATION

13-CR-6102G

_____

        By Order of Hon. Frank P. Geraci, United States District Judge, dated July 9, 2013, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 25).

        On September 11, 2013, defendant filed a motion to suppress statements that he made on March 28, 2013, evidence seized from his cell phone and all evidence derived from the alleged illegally obtained statements and evidence.[1]  (Docket ## 36, 68).  Palermo also moved for disclosure of grand jury minutes, dismissal of the Indictment based upon potential irregularities before the grand jury and for severance of defendants.  (Docket # 36).  On December 18, 2013 and January 30, 2014, this Court held an evidentiary hearing, at which Rochester Police Department Investigator Brian Tucker and Parole Officer Kevin Gibbs testified.  (Docket ## 55, 57, 58, 61).

---

[1] Palermo's omnibus motion also sought, *inter alia*, a Bill of Particulars, *Brady* material, a conspiracy hearing, discovery and inspection, evidentiary rulings pursuant to Rules 404(b), 608 and 609, identification of informants, joinder in motions of co-defendants, *Jencks* material, suppression of identification evidence, a Rule 12(b)(4) notice, discovery of grand jury proceedings, notice of superseding indictment, disclosure of trial jury list and leave to file additional motions.  (Docket # 36).  Each of these requests was either resolved by the parties or decided in open court by the undersigned on October 7, 2013.  (Docket ## 46, 47).

For the reasons explained more fully on the record on September 16, 2014, I recommend that the district court deny Palermo's motion (Docket ## 36, 68) to suppress evidence of the statements that he made on March 28, 2013, to suppress evidence seized from his cell phone and to suppress any evidence derived from the statements or cell phone. In addition, for the reasons explained more fully on the record on September 16, 2014, I recommend that the district court deny Palermo's motion to dismiss the Indictment (Docket # 36) based upon irregularities before the grand jury. Finally, Palermo's motion for severance (Docket # 36) is denied as moot because the co-defendant has pled guilty. (Docket # 65). Palermo's motion for disclosure of grand jury minutes is denied. (Docket # 36).

**IT IS SO ORDERED.**

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       September 17, 2014

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

> **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.
>
> **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[2]
>
> The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).
>
> **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).
>
> The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**
>
> Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       September 17, 2014

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).